UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| ROBERT HILL, | ) | |
| | ) | Case No. 3:22-cv-00076-GFVT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| DEPUY ORTHOPAEDICS, INC., *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Defendants' Motion to Change Venue. [R. 58.] In 2014, Plaintiff Robert Hill filed his complaint in a multidistrict litigation action in the Northern District of Texas. [R. 1 at 3.] After consolidated pretrial proceedings, the Northern District of Texas transferred the case to this Court so that it might be consolidated with a similar case in this District. [R. 49.] But the prospect of consolidation does not allow the Court to exercise personal jurisdiction over a defendant. Accordingly, the Eastern District of Kentucky is an improper venue for Mr. Hill's case. The Court will **GRANT** the Defendants' Motion to Change Venue and transfer this case to the Western District of Kentucky.

I

In 2004, Mr. Hill underwent a total hip arthroplasty at a hospital in Nashville, Tennessee. [R. 20 at 4.] The surgery used a Pinnacle Hip metal-on-metal implant device, which the Defendants developed and sold across the country. *Id.* at 1-3. After experiencing pain, Mr. Hill had a second total hip arthroplasty to remove the implant. *Id.* at 5. Mr. Hill alleges twelve

causes of action against the Defendants, arguing that they are liable for his injuries and expenses. *Id.* at 6-19.

Many other recipients of Pinnacle products had similar complaints. Accordingly, the cases were consolidated as a multidistrict litigation action in the Northern District of Texas for pretrial proceedings, including discovery, and the court allowed plaintiffs to directly file their case in the MDL. *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Products Liability Litigation*, Civil Action No. 3:11-md-2244-K, R. 20, at 4-5 (N.D. Tex. June 29, 2011). After pretrial proceedings concluded, the court transferred Mr. Hill's case to the Eastern District of Kentucky for trial. [R. 48; R. 49.]

## II

The Defendants move to transfer this action to another judicial district, arguing that the Eastern District of Kentucky is an improper venue for this action. [R. 58.] Mr. Hill argues that the Court should not revisit Judge Kinkeade's decision to transfer the action to this jurisdiction. [R. 64 at 2.] And even if the Court should question Judge Kinkeade's decision, Mr. Hill argues that venue in the Eastern District of Kentucky is proper. *Id.* at 4.

### A

Mr. Hill contends that Judge Kinkeade's decision to transfer the case to this Court should continue to govern any venue dispute under the law of the case doctrine. The law of the case doctrine "encapsulates a simple idea: courts generally decline to redecide issues that they have already decided." *Samons v. Nat'l Mines Corp.*, 25 F.4th 455, 463 (6th Cir. 2022) (citing *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)). The doctrine promotes judicial efficiency by prohibiting parties from indefinitely relitigating the same issues that the Court resolved in an earlier part of the case. *Id.* (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800,

816 (1988) and 18B Charles Alan Wright et al., *Federal Practice and Procedure* § 4478, at 648 (3d ed. 2019)).

The law of the case doctrine is discretionary. *See id.* It "does not limit a court's power to make an independent decision; rather it 'directs a court's discretion'" and "merely expresses the practice of courts generally." *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)); *Messenger*, 225 U.S. at 444. The Sixth Circuit does not "impose any conditions or limitations upon a court's power to review a prior ruling of another court." *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990).

This case began when Mr. Hill filed his complaint directly into the multidistrict litigation action in the Northern District of Texas. [R. 1.] After pretrial proceedings, the parties submitted a joint status report that recommended jurisdictions for trial. [R. 41.] The Defendants proposed the Middle District of Tennessee, and Mr. Hill proposed either the Eastern District of Kentucky or the Western District of Kentucky. *Id.* at 1-2. The special master then recommended transferring the case to the Eastern District of Kentucky "pursuant to the recommendation in the parties' joint status report." [R. 48.] The recommendation appeared in the docket text only and did not include any reason for the decision or articulation of the arguments considered. *Id.* Judge Kinkeade ordered the transfer of 28 cases, including Mr. Hill's, to various districts the same day in keeping with the special master's recommendations. [R. 49.] The order also did not include any explanation. *Id.*

The Court will not acquiesce to Judge Kinkeade's determination. First, the law of the case may not apply because there is no indication that Judge Kinkeade specifically considered and resolved the parties' venue arguments. *See Key v. Wise*, 629 F.2d 1049, 1055 (5th Cir. 1980) (holding that the law of the case did not apply where the court gave "[n]o explanation for either

the dismissal of the appeal or the denial of the writ"); *Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1290 (11th Cir. 2000) (holding the same).  But even if the law of the case applied to the transfer, this Court will exercise its discretion to make an independent venue determination and find that venue is improper in this District.  *See Moses*, 929 F.2d at 1137.

**B**

The Defendants contend that the Court should transfer the action because this District is not a proper venue for Mr. Hill's claims against the Defendants.  [R. 58 at 4.]  Indeed, a court should dismiss or transfer a case laying venue in the wrong district.  28 U.S.C. § 1406(a).  A proper venue for an action includes a district in which any defendant resides if all defendants reside in the state where the district sits and a district in which a substantial part of the events giving rise to the claim occurred.  28 U.S.C. § 1391(b)(1)-(2).  Mr. Hill argues that venue is proper in the Eastern District of Kentucky because all Defendants reside in Kentucky and DePuy Orthopardics, Inc. and Johnson & Johnson reside in the Eastern District.  [R. 64 at 5.]

For venue purposes, the Defendants reside in any judicial district in which they are subject to the Court's personal jurisdiction for Mr. Hill's claims.  28 U.S.C. § 1391(c)(2). Because Kentucky has multiple judicial districts—the Eastern and Western Districts—the Court treats the Eastern District and the Western District as if they are separate states for determining where the Defendants reside.  *Id.* at § 1391(d).  So, Mr. Hill must show that a court in the Eastern District of Kentucky has personal jurisdiction over a defendant, which Mr. Hill cannot establish by showing that a court in the Western District has personal jurisdiction over a defendant.  *Id.* But because this Court does not have personal jurisdiction over any defendant, it must transfer the action.

4

When determining whether a defendant not domiciled in the state is subject to personal jurisdiction, a Kentucky court follows a two-step process.[1]  First, the court "must proceed under KRS 454.210 to determine if the cause of action arises from conduct or activity from the defendant that fits into one of the statute's enumerated categories."  *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011).  If not, then the court cannot exercise personal jurisdiction.  *Id.*  Second, the court determines whether exercising personal jurisdiction over the defendant would offend the defendant's due process rights.  *Id.*  Here, Mr. Hill's claims do not arise from the Defendants' relevant activities under Ky. Rev. Stat. Ann. § 454.210.  Moreover, exercising personal jurisdiction would offend the Defendants' due process rights for the same reason.

First, Mr. Hill contends that the Court may exercise personal jurisdiction because DePuy Orthopaedics and Johnson & Johnson "marketed and sold Pinnacle line of hip implants throughout the United States, including within the Eastern District of Kentucky."  [R. 64 at 5.] Additionally, Mr. Hill alleges that DePuy Orthopaedics maintains a registered agent and registered office in the Eastern District.  *Id.*  Yet Mr. Hill did not serve DePuy's registered agent, which may have conferred personal jurisdiction.  *See Haven Point Enters., Inc. v. United Ky. Bank, Inc.*, 690 S.W.2d 393, 395 (Ky. 1985).  Rather, Mr. Hill contends that the Court may exercise personal jurisdiction because his claims arise from these activities.  [R. 64 at 5-6.]

For the defendant's activities to confer personal jurisdiction, a plaintiff's claim "must have arisen from the conduct and activities of the defendant."  *Caesars Riverboat Casino, LLC*,

---

[1] Mr. Hill does not specifically argue that a defendant is domiciled in Kentucky.  Though he plainly alleges that the Court has personal jurisdiction over DePuy Orthopaedics, Inc. and Johnson & Johnson because they "regularly conduct their medical device business within the Eastern District," this would be insufficient to show that a defendant is "at home" in the District.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (holding that general personal jurisdiction applies only in a corporation's place or incorporation or principal place of business such that they are fairly regarded as at home in the jurisdiction).

5

336 S.W.3d at 58.  For a claim to arise from activity, the claim "must have originated from, or came into being, as a result of the" activities.  *Id.*  In other words, a court properly exercises jurisdiction when there is a "reasonable and direct nexus between the wrongful acts alleged in the complaint" and a defendant's qualifying activities in the jurisdiction.  *Id.* at 59.  Here, Mr. Hill underwent hip replacement surgery with the alleged defective device in the Middle District of Tennessee.  [R. 20 at 4.]  Mr. Hill lives in the Western District of Kentucky, where he experienced hip complications.  *Id.* at 3, 5.  He does not allege that the specific device he received has a connection to the Eastern District of Kentucky.  Therefore, Mr. Hill's claims regarding his hip implant do not come into being as a result of the Defendants' marketing or sale of other hip implant products in this District because those products did not cause his injury.  *See Caesars Riverboat Casino, LLC*, 336 S.W.3d at 58.  Put simply, Mr. Hill would have received the allegedly defective product even if the Defendants never marketed or sold their products in Kentucky.

The court in *Williams v. Sig Sauer, Inc.* rejected the same arguments raised here.  No. 20-78-DLB-CJS, 2022 U.S. Dist. LEXIS 41597, at *6-7 (E.D. Ky. Mar. 9, 2022).  In *Williams*, a Kentucky resident sued a firearm manufacturer in Kentucky after the firearm he purchased in Ohio allegedly misfired while he was driving in North Carolina.  *Id.* at 2, 6.  The manufacturer marketed and sold its products worldwide and maintained an agent in Kentucky.  *Id.* at 2, 5.  The Court held that no reasonable and direct nexus existed between the plaintiff's claims and the manufacturer's activity in Kentucky because the plaintiff "alleged no connection between Kentucky and his injury other than Sig Sauer's worldwide sales and his continued suffering in the state." *Id.* at 7.

The court in *Estate of Vincent J. Gibson* likewise found that the plaintiff's claims regarding a trailer brought into Kentucky did not arise from the defendant's Kentucky activity because the "accident did not 'come into being' as a result of [the defendant's] trailers being sold in Kentucky." *Estate of Vincent J. Gibson v. Daimler N. Am. Corp.*, No. 2:19-00095 (WOB-CJS), 2022 U.S. Dist. LEXIS 200434, at *17 (E.D. Ky. Nov. 3, 2022). Therefore, Mr. Hill's claims do not arise from the Defendants' activity in the jurisdiction and the Court cannot exercise personal jurisdiction over the Defendants. Accordingly, transfer is proper.

Exercising personal jurisdiction over the Defendants would violate federal due process for the same reason: a plaintiff's claim "must arise out of or relate to" the defendant's contacts with the district. *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 256 (2017) (alterations omitted) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014)). A plaintiff's claims do not arise out of or relate to a defendant's conduct even if third parties can bring similar claims against the defendant in the jurisdiction. For example, in *Bristol-Myers Squibb*, the non-resident plaintiffs "were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California." *Id.* at 264. The Supreme Court held that the "mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* at 265.

Mr. Hill's facts are the same. Mr. Hill did not receive his hip implant in the Eastern District of Kentucky, nor was he injured by the implant in this District. Mr. Hill argues that the Court may exercise personal jurisdiction because the Defendants marketed and sold similar hip replacement products "throughout the United States, and particularly, in the Eastern District of

7

Kentucky" and caused similar injuries. [R. 64 at 5, 7.] Without a connection between the District and Mr. Hill's specific claims, this Court cannot exercise personal jurisdiction. *See Bristol-Myers Squibb Co.*, 582 U.S. at 256. Accordingly, exercising personal jurisdiction over the Defendants would violate federal due process.

Lastly, Mr. Hill argues that "even if the Court determines that venue does not lie" in the District, a case in a different district "can be combined with a case pending in this district under § 1404." [R. 64 at 7.] Mr. Hill misreads this statute. 28 U.S.C. § 1404 allows a district court to transfer a civil action to another court in the interest of justice. The possibility of consolidation may be a factor when determining whether transfer is in the interest of justice. *See, e.g., Dubiel v. Correct Care Sols.*, Civil Action No. 3:18-cv-837-RGJ, 2020 U.S. Dist. LEXIS 10559 (W.D. Ky. Jan. 22, 2020). But § 1404 does not allow an action to remain in an improper venue. *See, e.g., Coldren v. Am. Gen. Life Ins. Co.*, No. 4:11-CV-00068-JHM, 2012 U.S. Dist. LEXIS 32691, at *6 (W.D. Ky. Mar. 9, 2012); 28 U.S.C. § 1406. Section 1404 also does not permit a district court to consolidate an action pending before it with an action pending in another district court. *See, e.g., Smith v. City of N.Y.*, 950 F. Supp. 55, 59 (E.D.N.Y. 1996). Section 1404 only allows a court to transfer an action to a district where the action "might have been brought" originally. 28 U.S.C. § 1404(a). And Mr. Hill could not have brought his claims in this District.

Because the Court cannot exercise personal jurisdiction over a defendant, no defendant resides in the Eastern District of Kentucky. 28 U.S.C. § 1391(d). Thus, this District is an improper venue for Mr. Hill's claims. 28 U.S.C. § 1391(b)(1). So the Court must dismiss or transfer the case. 28 U.S.C. § 1406(a). The Defendants concede that the Western District of Kentucky is a proper venue. [R. 70 at 3-4.] Mr. Hill resides in the Western District and previously provided that the "Western District of Kentucky at Paducah is Plaintiff's chosen

forum, and he would have initiated the action there if not for the Case Management Order allowing his case to be directly filed into the MDL." [R. 41 at 2.] Accordingly, the Court will transfer the case to the Western District of Kentucky, Paducah Division.

### III

Accordingly, pursuant to 28 U.S.C. §1406(a), and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendants Motion to Change Venue [**R. 58**] is **GRANTED** and

2. The Clerk is directed to **TRANSFER** this case to the **United States District Court for the Western District of Kentucky, Paducah Division** for all further proceedings.

This the 26th day of April, 2023.

Gregory F. Van Tatenhove
United States District Judge