UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:23-CV-00058-BJB-HBB

**ROBERT HILL**  **PLAINTIFF**

**VS.**

**DEPUY ORTHOPAEDICS, INC., et al.**  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendants to amend the scheduling order (DN 94). The Plaintiff has filed a response in opposition (DN 96), and Defendants have replied (DN 100). For the reasons that follow, Defendants' motion (DN 94) is **GRANTED IN PART** and **DENIED IN PART**.

### Background

This is a product liability case involving a claim that a medical hip replacement device was defective. It was originally filed on October 15, 2014, in a multidistrict litigation proceeding in the Northern District of Texas. On December 30, 2022, the MDL Court transferred this individual case to the Eastern District of Kentucky (DN 66 PageID # 1073). On April 27, 2023, it was transferred to this judicial district (DN 81). Before the case was transferred from the Eastern District of Kentucky, that court entered a scheduling order setting deadline of May 1, 2023, for the parties to file supplemental briefing on pending motions (DN 66 PageID # 1073). The order further observed that discovery was complete, but if the parties anticipated further discovery, they were to file proposed discovery deadlines (Id.).

Defendants now make the following requests for amendment of the schedule in the case:

1. That Defendants' pathology expert be permitted to review Plaintiff's pathology slides from his explant surgery and the expert opinion testimony elicited from the treating pathologist Dr. Adriana Gonzalez-Gerdeman, and to offer a case-specific report;

2. Depending on the outcome of pending motions concerning the deposition testimony of Plaintiff's orthopedic surgeon Dr. Christie, that Defendants be permitted additional limited discovery;

3. An opportunity to take a supplemental deposition of Plaintiff to update Plaintiff's condition and complaints since he was deposed on October 14, 2022;

4. Leave to file a motion for summary judgment on any remaining causes of action after pleadings close; and

5. Leave to file supplemental <u>Daubert</u> briefs to address subsequent opinions and relevant Sixth Circuit authority.

(DN 94 PageID # 44-49).

<u>Review of Pathology Slides and Preparation of Case-Specific Report</u>

Defendants state that the MDL court ordered expedited discovery in more than sixty individual cases, including Plaintiff's (<u>Id.</u> at PageID # 44). The discovery was slated to be completed by December 9, 2022 (<u>Id.</u>). While discovery was substantially completed, Defendants state that some aspects could not be completed by the deadline and the parties worked cooperatively to allow certain discovery after the deadline, such as the deposition of Plaintiff's orthopedic surgeon Dr. Christie (<u>Id.</u>). Defendants now request an opportunity for their pathology expert to review Plaintiff's pathology slides from his explant surgery, as well as the expert

2

testimony elicited from treating pathologist Dr. Gonzalez-Gerdeman, and to offer a case-specific report (Id.). Defendants note that they reserved their right to supplement their Rule 26(a)(2) disclosures in light of ongoing fact discovery (Id.). Defendants point to several other courts in which additional case-specific discovery was permitted after the expiration of the MDL deadline (Id. at 44-45).[1]

Plaintiff argues that the Defendants have waited too long to pursue additional discovery and produce an expert report (DN 96 PageID # 220-27). He notes that he produced his disclosure of Dr. Gannon, his pathology expert, and a report in August 2021 (Id.). Moreover, Dr. Gonzalez-Gerdeman was deposed on November 21, 2022 (Id.). Plaintiff contends that Defendants failed to exercise the opportunity obtain the pathology slides during the discovery window (Id.). Nor did they seek additional time to obtain case-specific pathology reports when the Special Master held a hearing on December 28, 2022 (Id.).

In response to Plaintiff's contention that they have not been diligent in pursuing discovery in the case, the Defendants point to the compressed nature of the MDL schedule (DN 100 PageID # 381-82). As to Plaintiff's provision of his pathology expert's report, the Defendants note that it was a consequence of the MDL court's "Lone Pine" case management order, which directed each plaintiff to produce particularized evidence of product identification and injury (Id. at PageID # 385). That order did not, Defendants argue, establish other discovery-related deadlines (Id. at PageID # 385-86). Rather, case-specific discovery in the sixty remaining MDL cases did not begin until September 2022 and closed less than three months later (Id.). During that time, Defendants

---

[1] *Citing* Weatherly v. DePuy Orthopedics, Inc., No. 1:23-cv-134, Dkt. No. 62 (M.D.N.C. June 28, 2023); Winkelmeyer v. DePuy Orthopedics, Inc., No. 2:13-cv-4058, Dkt. No. 27 (W.D. Mo. March 29, 2023); Nation v. DePuy Orthopaedics, Inc., No. 8:23-cv-00004, Dkt. No. 88 (M.D. Fl. March 21, 2023); McCoy v. DePuy Orthopaedics, Inc., No. 3:22-cv-2075, Dkt. No. 66 (S.D. Cal. Feb. 1, 2023).

contend that they participated in extensive discovery in those cases and disclosed case experts (Id.). They argue that, as a practical matter, discovery in the case was not complete until the deposition of Dr. Christie was taken in February 2023 (Id.). Defendants further note that they did not pursue additional discovery while the case was pending in the Eastern District because Defendants asserted that venue was not appropriate there (Id. at PageID # 386). Moreover, they note that they identified the need for additional discovery in their initial Rule 26(f) report filed in this district and raised the issue during the telephonic scheduling conference with the undersigned (Id.).

### Additional Limited Discovery

Defendants request the opportunity to conduct additional unspecified discovery dependent upon the Court's rulings on pending motions related to Dr. Christie's testimony: "Currently there are outstanding motions concerning testimony from Dr. Christie, and Defendants also request the opportunity for further limited discovery depending on the outcome of those motions" (DN 94 PageID # 45). Plaintiff did not address this request in his Response (DN 96).

### Plaintiff's Supplemental Deposition

The Defendants conducted Plaintiff's discovery deposition on October 14, 2022 (DN 94 PageID # 45). They request an opportunity to update his condition and complaints since he was deposed (Id.). The Plaintiff did not address this request in his Response (DN 96).

### Leave to File Dispositive Motions

Defendants state that allowing them to file dispositive motions to address the claims in the Second Amended Complaint will assist the Court in ruling on issues that otherwise must be reserved for a motion for directed verdict after trial (DN 94 PageID # 46-47). Further, Defendants contend that dispositive motion practice would serve to resolve, or at least narrow, the claims to

be decided at trial (Id. at PageID # 47). Defendants contend that this Court is in a superior position to determine the timing of such motions as this Court, rather than the MDL court, is tasked with final adjudication of the claim (Id. at PageID # 46-47).

The Plaintiff responds that Defendants' current request is at odds with representations they previously made to the Special Master in the MDL that they were not requesting extension of dispositive motion deadlines (DN 96 PageID # 225-26).

The Defendants rebuff the Plaintiff's contention, arguing that the conference with the Special Master dealt with whether they would be permitted to take the deposition of Dr. Christie, and that "the case was in a different factual and procedural posture" (DN 100 PageID # 384). They assert that, at the time, they could not have anticipated the claims of the Second Amended Complaint or the testimony of proximate causation by Dr. Christie (Id.).

## Supplemental *Daubert* Briefing

Defendants note that while the action was pending before the MDL court, they filed motions to exclude certain expert testimony (DN 94 PageID # 48). Those motions are now pending before this Court (Id.). Defendants ask that they be permitted to supplement those motions (Id.). Defendants point out that the Daubert motions relied upon Fifth Circuit precedent, however this Court will look to Sixth Circuit precedent in ruling on the motions and the motions should therefore be supplemented to discuss Sixth Circuit authority (Id. at PageID # 48-49). Further, the Defendants state that the pending motions reference numerous earlier briefs filed in the MDL that will be less easily understood outside the context of those proceedings (Id. at PageID # 49). Supplementation, the Defendants argue, will allow the parties to better focus the arguments, as well as address evidence and testimony developed since the filing of the motions (Id.).

Plaintiff does not specifically address the Defendants' argument in this regard, other than to generally oppose it on the ground that Defendants have waited too long to make the request and have not demonstrated good cause to amend the scheduling order (DN 96 PageID # 223-27).

Discussion

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'The primary measure of [Civil] Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 478 (6th Cir. 2014) (quoting Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)). The Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. Id. at 479.

The undersigned observes that when a case initially proceeding as part of an MDL converts to one for individual resolution, it arrives at this Court in a different procedural posture than other cases, particularly with regard to previous scheduling. "[A]n MDL aims to maximize procedural efficiency to expedite resolution. Only on remand to a transferor court do particular procedural developments potentially take on material significance." Hall v. OrthoMidwest, Inc., No. 1:21-cv-00897, 2023 U.S. Dist. LEXIS 132542, *18 (N.D. Ohio July 1, 2023). Consequently, the five-factor analysis typically employed in determining if additional discovery should be permitted (see e.g. Dowling v. Cleveland Clinic Found., 593 F.3d 472, 478 (6th Cir. 2010)) is not always a good fit. It is "long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so

as to achieve the orderly and expeditious disposition of cases.'" Dietz v. Bouldin, 579 U.S. 40, 45 (2016) (*quoting* Link v. Wabash R. Co., 370 U.S. 626, 630–631 (1962)).

Defendants request time to undertake a review of the pathology slides and prepare a case-specific expert report. In the context of an MDL action, "[c]ase specific denotes that the discovery to be done relates to only the claims or defenses that are peculiar and unique to the case . . . ." In re Marriott Int'l Customer Data SEC Breach Litig., No. MDL 19-md 2879, 2022 U.S. Dist. LEXIS 220348, *53 (D. Md. Dec. 5, 2022). Ultimately, scheduling in a case must promote the interests of justice and advance judicial efficiency. The undersigned concludes that permitting the Defendants to have the pathology slides reviewed and to prepare a case-specific report will serve those ends.

The same is true regarding Defendants' request to file dispositive motions. In another MDL transferred case in which a party requested an opportunity to file dispositive motions, the district court noted:

> It is a good use of judicial resources to review whether these claims can be decided as a matter of law and avoid the burdens and expense of trial. At the very least, even if some or all of the motion is denied, the Court's decision will sharpen the issues for trial.

Burris v. Ethicon, Inc., No. 3:20 CV 1450, 2021 U.S. Dist. LEXIS 260147, at *5 (N.D. Ohio Jan. 6, 2021). The same logic holds true for supplementing the Daubert motions to make them better conform to litigation before this Court.

As to a supplemental up-date deposition of the Plaintiff to bring current Defendants' understanding of his condition and claims, this appears prudent as well.

This leaves Defendants' request for unspecified supplemental discovery which they claim may be needed depending on the outcome of certain pending motions. Other than the case-specific pathology slide review and the update deposition, discovery in the case is not otherwise re-opened.

If, after receiving rulings on the pending motions, the Defendants feel additional discovery is needed they may file a motion specifying the discovery sought and why it is needed, but, for the present, that portion of their request is denied.

ORDER

**WHEREFORE**, the Defendants' motion (DN 94) is **GRANTED IN PART** and **DENIED IN PART**. The parties are directed to confer and within ten days tender a proposed scheduling order setting forth deadlines for the matters discussed in this Order.

October 31, 2023

H. Brent Brennenstuhl<br>United States Magistrate Judge

Copies to: Counsel